| UNITED STATES DISTRICT COURT | § | EASTERN DISTRICT OF TEXAS |

GREGORY A. MILTON, §
　　　　　　　　　　　　　　§
　　　　　Petitioner, §
　　　　　　　　　　　　　　§
versus　　　　　　　　　　　§　　CIVIL ACTION NO. 1:15-CV-140
　　　　　　　　　　　　　　§
F. LARA, WARDEN, §
　　　　　　　　　　　　　　§
　　　　　Respondent. §

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Petitioner's Objections to the Report and Recommendation entered November 22, 2016 (docket entry no. 27).

### PROCEDURAL BACKGROUND

Respondent filed a Motion to Dismiss on May 4, 2016 (docket entry no. 11). The Certificate of Service reflects that Respondent mailed a copy of the Motion to Dismiss to petitioner on May 4, 2016. *Id.*, pg. 11. No response to the Motion to Dismiss was ever filed and a Report and Recommendation, recommending granting the Motion to Dismiss, was entered on November 22, 2016 (docket entry no. 12). Petitioner received a copy of the Report and Recommendation on November 29, 2016 (docket entry no. 13). Petitioner then filed a Motion for Extension of Time to File Objections on December 14, 2016, contending he never received a copy of the Motion to Dismiss (docket entry no. 14). An order was entered on December 21, 2016, giving petitioner an additional forty (40) days to file his objections, and advised petitioner that another copy of the Motion to Dismiss would be mailed to him. Respondent sent petitioner another copy of the Motion to Dismiss on January 4, 2017. Notice (docket entry no. 22). Petitioner filed correspondence with the Court on January 13, 2017, stating he had yet to receive a copy of the

Motion to Dismiss (docket entry no. 16). Another order was entered on February 13, 2017, giving petitioner an additional fifteen days to file his objections. Petitioner received this order on February 21, 2017.

No objections by Petitioner were received, and a Memorandum Order Adopting the Report and Recommendation and Final Judgment were entered on March 10, 2017 (docket entry no. 20 & 21). Petitioner then filed the Motion to Rescind and Motion for Reconsideration of the Final Judgment (docket entry nos. 21 & 23).

On April 24, 2017, this Court then entered a Memorandum Opinion and Order. This court ordered the Clerk of Court to mail petitioner another copy of the Motion to Dismiss, granted petitioner an additional thirty (30) days to file his objections, and then denied the Motion to Alter or Amend judgment, subject to reconsideration upon receipt of petitioner's objections. After an additional extension, petitioner finally filed his objections on June 19, 2017. This Memorandum Opinion and Order considers Petitioner's Motion to Alter or Amend Judgment upon reconsideration in light of the objections.

## STANDARD

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co., v. D & G Boat Rentals, Inc., et al.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal

citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

If a motion for relief from judgment is filed within twenty-eight (28) days of final judgment, the motion should be filed as a motion under Rule 59 rather than Rule 60. FED. R. CIV. P. 59(e); *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994) (citing *Lavespre v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). If the motion is served after that time, it falls under Rule 60(b). FED. R. CIV. P. 60(b). The instant motion was filed within 28 days of final judgment; thus, it is properly filed under Rule 59(e).

## DISCUSSION

After careful review, this court finds petitioner's objections are lacking in merit. As outlined in the Report and Recommendation, petitioner is not eligible for good conduct time as he is incarcerated for a term of life imprisonment. Despite the DHO's rehearing report listing the disallowance of good conduct time as a sanction, petitioner's life sentence, however, prevents him from earning any good conduct time. *See* 18 U.S.C. § 3624(b)(1). Petitioner could not have been sanctioned to lose time that he never earned. The 27-day good conduct time disallowance sanction imposed was construed as a typographical error that could not be enforced. As such, the sanctions imposed were temporary placement in disciplinary segregation, temporary loss of telephone

3

privileges, and temporary loss of email privileges which do not affect the fact or duration of petitioner's sentence. A prisoner is not entitled to due process protections where he faces such punishment.

Regardless, the record reflects petitioner was still afforded all of the due process protections as established by *Wolff v. McDonnell*, 418 U.S. 539 (1974). Petitioner received a copy of the incident report on April 20, 2013. Petitioner received and signed a notice of rights form and a notice of disciplinary hearing form on October 5, 2013. The disciplinary rehearing was held on November 23, 2013, well beyond the 24 hour minimum set by *Wolff*. Moreover, petitioner was present at the DHO hearing and called witnesses and presented evidence. Petitioner received a copy of the DHO rehearing report on December 10, 2013.

Finally, contrary to petitioner's belief, this case was not so complex that it necessitated the appointment of a staff representative. Such representation is only required to be provided "if the inmate is illiterate or 'the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence for an adequate comprehension of the case.'" *Arceneaux v. Pearson*, 449 F. App'x 396, 398 (5th Cir. 2011) (not designated for publication) (quoting *Wolff*, 418 U.S. at 570) (finding the issue of whether the petitioner disobeyed orders and kicked an officer "was not complex"). Petitioner has clearly demonstrated that he is not illiterate and the sole issue in the disciplinary case – whether petitioner assaulted a corrections officer – is not complex. *Id*. Despite this, a review of the relevant records reveals that the performance of petitioner's staff representative was effective. Petitioner presented three witnesses at the DHO hearing: two gave testimony while the third did not testify as she had previously written a memorandum regarding the incident which was considered by the DHO. Petitioner, through his

4

staff representative, also submitted evidence in the form of a diagram as well as email requests petitioner sent to staff prior to the hearing. While the DHO received the evidence, she did not consider the diagram as it neither proved nor disproved the events. The DHO also noted that petitioner, through email, requested a review of the surveillance video which was done by both staff representatives. *See* docket entry no. 11-1, pg. 31-34.[1] Petitioner also testified on his own behalf and was given the opportunity to present his version of the events in question. Petitioner's counsel substitute was not ineffective and there was "some evidence" supporting the disciplinary hearing officer's decision. *Morgan v. Quarterman*, 570 F.3d 663, 668 (citing *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004)). The findings of the DHO will not be disturbed.

## ORDER

Petitioner's Motion to Alter or Amend Judgment and Motion for Reconsideration of Judgment in light of Petitioner's objections are **DENIED.**

SIGNED at Beaumont, Texas, this 26th day of June, 2017.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] Contrary to petitioner's belief, the discrepancy in the statements of the first and second staff representative does not make the performance of the second staff representative ineffective. The first staff representative, C. Hadnot, stated, "I reviewed the camera it does not show a whole picture. I could see him turning around, but I could not see the whole body. I spoke with Ms. Clack and she said when the inmate did not clear the metal detector the first time she told him to take everything out of his pockets; she searched his bag by this time Officer Pina had taken over." Docket entry no. 11-1, pg. 23. The second staff representative, M. Lefever, stated, "I reviewed the camera, and you can't see all of the incident. All you can see is half of the inmate being patted down; then the take down. You can't see if the inmate turned toward the officer." Docket entry no. 11-1, pg. 32. Both reviewed the video and had different opinions of what they observed. The observations noted by staff representative M. Lefever, in fact, appear to be more favorable to petitioner's defense.